EVA BUCKLEY, APPELLANT, v. ELLSWORTH CAMP, No. 32, SONS OF VETERANS, DIVISION OF NEW JERSEY, UNITED STATES OF AMERICA, RESPONDENT.

CHRISTINE CARROLL, APPELLANT, v. ELLSWORTH CAMP, No. 32, SONS OF VETERANS, DIVISION OF NEW JERSEY, UNITED STATES OF AMERICA, RESPONDENT.

Submitted July 7, 1919—Decided November 17, 1919.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This suit was a contest over a death benefit fund of $50 by the two plaintiffs, the widow and mother of·Jeremiah Carroll, deceased. By consent of the parties the cases were tried together by the court without a jury, resulting in a judgment in favor of the plaintiff, Christine Carroll, widow, in one case, and against the plaintiff, Eva Buckley, the mother,. in the other case. In the latter case there is an appeal. There are three grounds of appeal alleged. The first and third involve questions of fact only; the second is whether a member of the defendant organization, in the absence of a provision to that effect, either in the by-laws or constitution, has a right to change the beneficiary. Section six (6) of article 12 of the by-laws is as follows: 'On the death of any brother, his nearest relative or such person to whom he may direct shall

receive from the camp the sum of fifty dollars ($50).' This is the only provision bearing upon the point under consideration. On November 13th, 1906, the deceased had designated in what is called a 'will book' his mother, Eva Carroll, now Eva Buckley, as the beneficiary. The by-laws do not recognize this so-called 'will book.' But this book is used exclusively for the designation of beneficiaries, and dates back to 1903. In May, 1917, Jeremiah Carroll, the deceased, at a meeting of the defendant organization, told the secretary to change the beneficiary to that of his wife, Christine Carroll. Afterwards he received this letter:

"'UNION HILL, N. J., July 1, 1917.

"'Mr. J. P. Carroll, Dear Bro. I have changed the beneficiary to your wife, Christine Carroll, and I hope this is satisfactory.

"'I remain yours in F. C. L.    E. Magai, Secty.'

"No change was made in the 'will book.' This, as stated above, was not recognized by the by-laws of the association. The court found that the deceased directed the fund to be paid to his wife, Christine Carroll. We cannot review the findings of fact made by the District Court. We think, as a matter of law, the deceased had a legal right to make a change in the beneficiary named. *Golden Star Fraternity* v. *Martin,* 59 *N. J. L.* 207.

"The judgment of the District Court is affirmed, with costs."

For the appellant, *William Perlis.*

For the respondent, *William C. Kronmeyer.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—The Chancellor, Chief Justice, Swayze, Trenchard, Parker, Minturn, White, Heppenheimer, Williams, Taylor, Gardner, Ackerson, JJ. 12.

*For reversal*—None.